UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Mahaffey, | ) C/A No. 3:07-1611-SB-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) |
| Simon Major, Jr., Director SLRDC; | ) |
| Officer Riley, Officer at SLRDC; and | ) |
| Officer Anderson, Female Officer at SLRDC, | ) |
| | ) |
| Defendants. | ) |
| | ) |

### *Background of this Case*

The plaintiff is a pre-trial detainee at the Sumter-Lee Regional Detention Center in Sumter, South Carolina. The plaintiff has brought suit pursuant to 42 U.S.C. § 1983 against the Director of the Sumter-Lee Regional Detention Center and two (2) officers at the Sumter-Lee Regional Detention Center.

The "STATEMENT OF CLAIM" portion of the § 1983 complaint reveals that this civil rights action concerns the detention center policy of enforcing a "Quiet time" period at the Sumter-Lee Regional Detention Center. The plaintiff indicates that this "Quiet time" is imposed when inmate are "talking." The plaintiff also alleges that Officer Riley refused to provide him a grievance form, so he (the plaintiff) used an "old style" grievance form. In his prayer for relief, the plaintiff states that he is seeking:

1

> The dismissal of Office [*sic*] Riley and Office [*sic*] Anderson. The resignation of Simon Major, Jr, In That "Quiet time [*sic*; "unbalanced" quotation in original] be removed from SLRDC and the Plaintiff be given fifty thousand dollars.

(Complaint, at page 5).

## *Discussion*

Under established local procedure in this judicial district, a careful review[1] has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325, 104 L.Ed.2d 338, 109 S.Ct. 1827, 1989 U.S. LEXIS® 2231 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, *Moffitt v. Loe*, 446 U.S. 928 (1980); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction.

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] *Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989)(insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

*See Erickson v. Pardus*, 2007 U.S. LEXIS® 6814, 2007 WESTLAW® 1582936 (U.S., June 4, 2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

The above-captioned is the second case filed by the plaintiff concerning the Sumter-Lee Regional Detention Center policy of locking down inmates talking and being too loud. *See* Complaint in *Michael Mahaffey v. Simon Major, Jr., et al.*, Civil Action No. 3:07-1520-SB-JRM. In an order filed in Civil Action No. 3:07-1520-SB-JRM on June 7, 2007, the undersigned authorized service of process and directed the defendants to file an answer.[3]

This court may take judicial notice of Civil Action No. 3:07-1520-SB-JRM. *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239, 1989 U.S.App. LEXIS® 16328 (4th Cir. 1989)("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954)(approving

---

[3] The plaintiff signed the complaint in the above-captioned case on June 6, 2007. The envelope used to mail the pleadings in the above-captioned case (Entry No. 1-2) to the Clerk's Office is postmarked June 7, 2007. Hence, the copy of the order (Entry No. 6 in Civil Action No. 3:07-1520-SB-JRM) informing the plaintiff that service of process was being authorized in Civil Action No. 3:07-1520-SB-JRM and the complaint in the above-captioned case, so to speak, "crossed in the mail."

district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties."); and *United States v. Parker*, 956 F.2d 169, 171, 1992 U.S.App. LEXIS® 1319 (8th Cir. 1992).

Since Simon Major, Jr., the Director of the Sumter-Lee Regional Detention Center, the lead defendant in the above-captioned case, is already a party to Civil Action No. 3:07-1520-SB-JRM, any decision rendered in Civil Action No. 3:07-1520-SB-JRM will resolve the constitutional validity of the "Quiet Time" policy insofar as the plaintiff is concerned. In other words, the complaint in the above-captioned case is subject to summary dismissal because it is duplicative to the complaint filed in Civil Action No. 3:07-1520-SB-JRM. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, *supra*, where the United States Court of Appeals for the Fifth Circuit commented:

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.

*Aloe Creme Laboratories, Inc. v. Francine Co.*, *supra*, 425 F.2d at 1296.

In any event, this federal court cannot fire the defendants or force their resignations. *See Maxton v. Johnson*, 488 F. Supp. 1030, 1032 n. 2 (D.S.C. 1980)(a federal district court lacks inherent power to hire, remove, or reassign officials not within the executive control of that federal district court), *citing United States v. White County Bridge Commission*, 275 F.2d 529, 535 (7th Cir.), *cert. denied sub nomine*, *Clippinger v. United States*, 364 U.S. 818 (1960).

### *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*, *supra; Neitzke v. Williams*, *supra*; *Haines v. Kerner*, *supra*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 & n. *, 1993 U.S.App. LEXIS® 17715  (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); *Boyce v. Alizaduh*, *supra*; *Todd v. Baskerville*, *supra*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the important Notice on the next page.

                                                 Respectfully submitted,

                                                 s/Joseph R. McCrorey
                                                 United States Magistrate Judge

June 18, 2007
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in the waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, *Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).